# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON DIVISION
# IN ADMIRALTY

| | |
|---|---|
| Annette Van Der Walt, Individually, and as the personal representative of the Estate of Piers Van Der Walt, )<br>)<br>)<br>) | Civil Action No. 8:13-01162-JMC |
| Plaintiff, ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Wayneworks Marine, LLC, Aggressor Fleet, and Dancer Fleet, )<br>) | |
| ) | |
| Defendants. ) | |

Plaintiff Annette Van Der Walt ("Plaintiff"), individually and as personal representative of the Estate of Piers Van Der Walt, filed this wrongful death and survival action alleging that her husband, Piers Van Der Walt ("Decedent"), was injured and subsequently died while working as a seaman aboard a motor vessel for Defendant Wayneworks Marine, LLC ("Defendant"). Defendant denies that Plaintiff has alleged sufficient facts to establish the court's personal jurisdiction over it. (ECF No. 7.)

This matter is before the court on a motion by Defendant, Aggressor Fleet, and Dancer Fleet to dismiss the amended complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) ("Rule 12(b)(2) motion"). (Id.) Plaintiff opposes the Rule 12(b)(2) motion as to Defendant. (ECF No. 24.) For the reasons set forth below, the court **DENIES** Defendant's Rule 12(b)(2) motion, but **GRANTS** the Rule 12(b)(2) motion of Aggressor Fleet and Dancer Fleet.[1]

---

[1] In its Rule 12(b)(2) motion, Defendant asserts that Aggressor Fleet and Dancer Fleet are not legal entities, but merely trade names used by Defendant in its business. (ECF No. 7 at 2 n.1, 10-11.) Plaintiff did not oppose Defendant's suggestion that Aggressor Fleet and Dancer Fleet are not legal entities. Accordingly, the court grants the motion to dismiss Aggressor Fleet and Dancer Fleet from the case pursuant to Fed. R. Civ. P. 12(b)(2).

## I. RELEVANT BACKGROUND TO PENDING MOTION

This action arises from an incident during which Decedent allegedly developed an infection in his leg on December 22, 2012 while working aboard M/V Star Dancer, which at the time was located off of the coast of Indonesia. (ECF No. 5 at 3 ¶ 11.) "The infection was brought to the attention of the officers and crew, who simply gave [Decedent] penicillin tablets over the next several hours." (Id. at ¶ 12.) As time passed, Decedent's infection allegedly "became worse, his leg swelled, he developed a high fever and chills, and he began to vomit." (Id. at ¶ 13.) Defendant allegedly did not obtain any additional medical care for Decedent. (Id. at ¶¶ 13, 14.) On or about December 24, 2012, Decedent died in his cabin aboard the M/V Star Dancer. (Id. at ¶ 15.)

On April 30, 2013, Plaintiff filed an action in admiralty in this court alleging causes of action for unseaworthiness, negligence under the Jones Act, 46 U.S.C. §§ 30104-30106, failure to pay unearned wages, wrongful death, survival, and negligent refusal to return personal effects. (ECF No. 1 at 4-8.) Plaintiff filed an amended complaint on July 12, 2013 alleging the same claims, but changing the basis of the court's subject matter jurisdiction. (ECF No. 5.) On July 9, 2013, Defendant, Aggressor Fleet, and Dancer Fleet filed a Rule 12(b)(2) motion regarding the amended complaint. (ECF No. 7.) After receiving leave from the court to engage in limited discovery, Plaintiff filed opposition to Defendant's Rule 12(b)(2) motion on March 25, 2014. (ECF No. 24.)

## II. LEGAL STANDARD AND ANALYSIS

A.   Motions to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2)

When a defendant challenges the court's personal jurisdiction under Rule 12(b)(2), plaintiff has "the burden of proving" that jurisdiction exists "by a preponderance of the

evidence." In re Celotex Corp., 124 F.3d 619, 628 (4th Cir. 1997). "[W]hen, as here, a district court rules on a Rule 12(b)(2) motion without conducting an evidentiary hearing or without deferring ruling pending receipt at trial of evidence relevant to the jurisdictional issue, but rather relies on the complaint and affidavits alone, 'the burden on the plaintiff is simply to make a prima facie showing of sufficient jurisdictional basis in order to survive the jurisdictional challenge." Id. See also New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005) (noting that a plaintiff need only make a prima facie showing of jurisdiction when the court does not conduct an evidentiary hearing).  In deciding whether plaintiff has met this burden, the court construes all disputed facts and draws all reasonable inferences from the proof in favor of jurisdiction. Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 396 (4th Cir. 2003); Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir. 1993). In ruling on a motion to dismiss for lack of personal jurisdiction, the court may consider evidence outside of the pleadings, such as affidavits and other evidentiary materials, without converting the motion to dismiss into a motion for summary judgment. Magic Toyota, Inc. v. Se. Toyota Distribs., Inc., 784 F. Supp. 306, 310 (D.S.C. 1992).

A federal court may exercise personal jurisdiction over a defendant in the manner provided by state law. Fed. R. Civ. P. 4(k)(1)(A); ESAB Grp., Inc. v. Centricut, Inc., 126 F.3d 617, 623 (4th Cir. 1997). "Thus, for a district court to assert personal jurisdiction over a nonresident defendant, two conditions must be satisfied: (1) the exercise of jurisdiction must be authorized under the state's long-arm statute; and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment. Christian Sci. Bd. of Dirs. Of the First Church of Christ v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001).

South Carolina's long arm statute provides as follows:

> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action arising from the person's: (1) transacting any business in this State; (2) contracting to supply services or things in the State; (3) commission of a tortious act in whole or in part in this State; (4) causing tortious injury or death in this State by an act or omission outside this State if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this State; (5) having an interest in, using, or possessing real property in this State; (6) contracting to insure any person, property, or risk located within this State at the time of contracting; (7) entry into a contract to be performed in whole or in part by either party in this State; or (8) production, manufacture, or distribution of goods with the reasonable expectation that those goods are to be used or consumed in this State and are so used or consumed.

S.C. Code Ann. § 36-2-803 (2005). "South Carolina's long-arm statute has been interpreted to reach the outer bounds permitted by the Due Process Clause." ESAB Grp., 126 F.3d at 623. Therefore, the appropriate question for the court in considering a personal jurisdiction defense raised by an out-of-state defendant is whether that defendant has "minimum contacts with [South Carolina] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice." Id. (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (A court's exercise of jurisdiction over a nonresident defendant comports with due process if the defendant has "minimum contacts" with the forum state, such that to require the defendant to defend its interests in that state "does not offend traditional notions of fair play and substantial justice.")).

Personal jurisdiction may arise through specific jurisdiction, based on the conduct alleged in the suit, or through general jurisdiction. CFA Inst. v. Inst. of Chartered Fin. Analysts of India, 551 F.3d 285, 292 n.15 (4th Cir. 2009); ALS Scan, Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707, 711 (4th Cir. 2002). Under general jurisdiction, a defendant's contacts/activities in the forum state are not the basis for the suit, but it may be sued in this court "for any reason, regardless of where the relevant conduct occurred," because its activities in South Carolina are "continuous and systematic." CFA Inst., 551 F.3d at 292 n.15. These activities must be "so

4

substantial and of such a nature as to justify suit against [a defendant] on causes of action arising from dealings entirely distinct from those activities." Int'l Shoe Co., 326 U.S. at 318. General jurisdiction is proper where the defendant has purposefully "availed himself of the privilege of conducting business [in the forum state]." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985).

Under specific jurisdiction, a defendant may be sued in this court if the litigation results from alleged injuries that arose out of or related to their contacts with South Carolina and those contacts were sufficient. See, e.g., Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984). To determine whether specific jurisdiction exists, courts should examine "(1) the extent to which the defendant 'purposefully avail[ed]' itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" ALS Scan, Inc., 293 F.3d at 712.

B.     The Parties' Arguments

Defendant moves to dismiss the amended complaint arguing that the court lacks personal jurisdiction over it, "because other than the conclusory statement that Defendant 'does business in South Carolina,' the facts show that Defendant: (1) did not do any act in South Carolina that gave rise to a cause of action to permit 'specific' jurisdiction within the meaning of South Carolina Statute § 36-2-803 and any contacts with the forum state that could be said to exist would not otherwise be sufficient to meet Due Process requirements; and (2) has not been engaged in any business activities, let alone a 'continuous and systematic' course of business in South Carolina to permit 'general' jurisdiction within the meaning of South Carolina Statute § 36-2-802." (ECF No. 7 at 2-3.)

5

To support its arguments, Defendant submitted an affidavit from one of its owners, Wayne Brown ("Brown"). Brown stated that Defendant is a Georgia limited liability company with its principal place of business in Georgia, and it has never "a) maintained any office or agent in South Carolina; b) owned, rented, or had an interest in any real property located in South Carolina; c) maintained a South Carolina telephone number, mailing address, or banking account; d) entered into a contract with a company or individual located in South Carolina; e) derived substantial revenue from any business transaction in South Carolina; f) engaged in any type of advertising, Internet or otherwise, that specifically targeted residents of South Carolina; g) employed any individual to work on its behalf in South Carolina; and h) has never owned or operated any vessel in South Carolina." (Id. at 3 (citing ECF No. 7-1 at 1-2).) Brown further stated that Plaintiff agreed in the Turks and Caicos Islands to work for Defendant, worked in Georgia, was paid in Georgia, and was never contacted by Defendant in person in South Carolina. (Id. at 4 (citing ECF No. 7-1 at 3).) Finally, Brown stated that M/V Star Dancer was not owned by Defendant, never entered either the water or a port in South Carolina, was never serviced or repaired in South Carolina, and was in Southeast Asia when Plaintiff died. (Id. at 4 (citing ECF No. 7-1 at 3).) Based on the foregoing, Defendant argues that the court does not have personal jurisdiction over it.

In response to Defendant's motion to dismiss the amended complaint, Plaintiff first argues that she is entitled to an inference that Defendant obtains a large amount of revenue from activities in South Carolina because it failed to sufficiently respond to discovery requests authorized by the court. (ECF No. 24 at 2.) Plaintiff next argues that based on limited information produced by Defendant in response to authorized discovery requests, the court should find personal jurisdiction over Defendant because it systematically does business in South

Carolina. (Id.) In this regard, Plaintiff submitted information by way of affidavit and responses to discovery showing that Defendant employed Decedent and at least six other workers in South Carolina from January 1, 2008 through September 20, 2013. (ECF Nos. 24-1 at 1 ¶¶ 3-6, 24-2 at 2.) Plaintiff asserts that Defendant contacted these employees in South Carolina and paid them over $900,000.00 in wages that were deposited into banks located in South Carolina. (Id.) Plaintiff further submitted responses to discovery showing that Defendant performs services for and accepts money from over one hundred sixty South Carolina based customers. (ECF No. 24-3.) Based on the sheer number of transactions with these customers, Plaintiff argues that Defendant "has engaged in significant activity in South Carolina and justifies this [c]ourt exercising personal jurisdiction over it." (ECF No. 24 at 8.)

C.    The Court's Review

Plaintiff contends that she is asserting specific jurisdiction as to her claim for negligent refusal to return personal effects and general jurisdiction for the other claims. Under normal circumstances, a federal court in South Carolina would probably not assert general jurisdiction over a company that employed seven individuals in unspecified positions in South Carolina and provided nonspecific services to one hundred sixty (160) customers in South Carolina. See, e.g., Nichols v. G.D. Searle & Co., 991 F.2d 1195, 1200 (4th Cir. 1993) (The Fourth Circuit held that a Maryland court could not assert general jurisdiction over a company that (1) employed in Maryland thirteen Maryland residents as sales representatives and one Maryland resident as a district manager; (2) held district meetings three times annually in Maryland, held regional and national meetings twice annually; and (3) had between $9 million and $13 million annual sales in Maryland.) However, this case presents the somewhat unique situation that Plaintiff's claims arose on the high seas. In this regard, Plaintiff's claims do not arise in any other state whose

courts might provide a more likely forum. "This means that there probably are only two states in the United States with any interest in the controversy, [Georgia] the state of [Defendant's] domicile, and South Carolina." Lee v. Walworth Valve Co., 482 F.2d 297, 299 (4th Cir. 1973).[2] "The interest of South Carolina is substantial, however, for it has a paternal interest in the recovery by one of its citizens of appropriate compensation, if there is a substantive cause of action." Id. at 299-300. In reliance on Lee and after construing all disputed facts and draws all reasonable inferences from the proof in favor of jurisdiction, the court finds that Defendant's contacts with South Carolina are "continuous and systematic" enough under the unique circumstances presented by this case to justify the exercise of general jurisdiction over it.[3]

After addressing Defendant's contacts with South Carolina as set forth above, the court must now consider whether the exercise of jurisdiction "would comport with 'fair play and substantial justice.'" Burger King, 471 U.S. at 476 (citing Int'l Shoe Co., 326 U.S. at 320). In weighing whether the exercise of jurisdiction comports with fair play and substantial justice, the court considers the following factors: (1) the burden on Defendant of litigating in South Carolina; (2) the interest of South Carolina in adjudicating the dispute; (3) Plaintiff's interest in obtaining convenient and effective relief; (4) the shared interest of the states in obtaining efficient resolution of disputes; and (5) the interests of the states in furthering social policies. See Consulting Eng'rs Corp. v. Geometric Ltd., 561 F.3d 273, 279 (4th Cir. 2009). Although Defendant faces some burdens in defending against Plaintiff's claims in South Carolina, those

---

[2] In Lee, the Fourth Circuit upheld general jurisdiction over a company whose annual sales in South Carolina were approximately $200,000 and where sales representatives spent approximately 80 days per year in South Carolina. Lee, 482 F.2d at 299-300. The Fourth Circuit acknowledged that the exercise of jurisdiction was unusual because it was supported in part by the fact that the cause of action arose on the high seas and thus did not arise within the sovereign boundaries of any of the United States. The court finds Lee to be applicable to the instant matter.

[3] Because the court has found that it has general jurisdiction over Defendant, the court need not reach Plaintiff's alternative argument for specific jurisdiction.

burdens neither offend the traditional notions of fair play and substantial justice, nor put Defendant at a severe disadvantage. In addition, South Carolina has an interest in the resolution of a lawsuit filed by one of its citizens. As a result, the court finds that the exercise of personal jurisdiction over Defendant would not be constitutionally unreasonable. Accordingly, the court finds that Plaintiff has met her burden of proving that this court has personal jurisdiction over Defendant.

### III.    CONCLUSION

For the foregoing reasons, the court hereby **DENIES** the motion of Defendant Wayneworks Marine, LLC to dismiss pursuant to Fed. R. Civ. P. 12(b)(2). (ECF No. 7.) The court **GRANTS** the motion to dismiss of Aggressor Fleet and Dancer Fleet and dismisses them from the amended complaint.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 28, 2014
Columbia, South Carolina

9